1    LATHAM & WATKINS LLP
         Daniel Scott Schecter (Cal. Bar No. 171472)
2        Wendy P. Harper (Cal. Bar No. 223690)
     355 South Grand Avenue
3    Los Angeles, California  90071-1560
     Telephone:  (213) 485-1234
4    Facsimile:  (213) 891-8763
     Email:  daniel.schecter@lw.com;
5            wendy.harper@lw.com

6    LATHAM & WATKINS LLP
         Kenneth M. Fitzgerald (Cal. Bar No. 142505)
7    600 West Broadway, Suite 1800
     San Diego, CA  92101-3375
8    Telephone:  (619) 236-1234
     Facsimile:  (619) 696-7419
9    Email:  kenneth.fitzgerald@lw.com

10   *Attorneys for Plaintiffs*
     The Revolution FMO LLC, Mark Lindsey, and Ty
11   J. Young

12                       UNITED STATES DISTRICT COURT

13                     SOUTHERN DISTRICT OF CALIFORNIA

14

15   THE REVOLUTION FMO LLC, MARK           CASE NO. 3:08-CV-00929 W AJB
     LINDSEY, TY J. YOUNG,
16                                          **NOTICE OF WAIVER OF SERVICE OF**
                    Plaintiffs,             **SUMMONS BY DEFENDANT ASSET**
17                                          **MARKETING SYSTEMS INSURANCE**
             v.                             **SERVICES, LLC**
18
     ASSET MARKETING SYSTEMS
19   INSURANCE SERVICES, LLC,               Action Filed:  May 27, 2008
                                            Trial Date:  Not yet set
20                  Defendant.

21

22

23

24

25

26

27

28

1    **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        **PLEASE TAKE NOTICE** that Defendant Asset Marketing Systems Insurance

3    Services, LLC has executed a waiver of service of summons in connection with the above-

4    captioned matter, a true and correct copy of which is attached hereto as Exhibit A.

5

6    Dated: August 20, 2008             Respectfully submitted,

7                        LATHAM & WATKINS LLP
                           Daniel Scott Schecter

8                            Kenneth M. Fitzgerald
                           Wendy P. Harper

9

10

11                  By  /s/ Wendy P. Harper
                           Wendy P. Harper

12                  *Attorneys for Plaintiffs*
                 The Revolution FMO LLC, Mark Lindsey,

13                  Ty J. Young

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071-2007.

On **August 20, 2008**, I served the following document described as:

**NOTICE OF WAIVER OF SERVICE OF SUMMONS BY DEFENDANT ASSET MARKETING SYSTEMS INSURANCE SERVICES, LLC**

by having a true copy of the above-described document delivered in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

> Phillip C. Samouris
> Higgs, Fletcher & Mack LLP
> 401 West A Street, Suite 2600
> San Diego, CA 92101

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 20, 2008**, at Los Angeles, California.

_Larraine Picar_

Larraine Picar

# EXHIBIT A

# WAIVER OF SERVICE OF SUMMONS

TO: Daniel Scott Schecter, Latham & Watkins LLP
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of

The Revolution FMO LLC, et al. v. AMS   , which is case number   08 CV 0929 W AJB

in the United States District Court for the                Southern            District of

California                . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

6/25/08   , or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.

(DATE)  07-29-08

_____
(SIGNATURE)

Printed/Typed Name:  Phillip C. Samouris

As Attorney of record  of Asset Marketing Systems
(TITLE)                        (CORPORATE DEFENDANT)
                              Insurance Services, LLC

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.